IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| **CITY OF MEMPHIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:23-cv-02627-JTF-atc |
| | ) |
| **2383 Jackson Avenue, Memphis,** | ) |
| **Shelby County, Tennessee 38108** | ) |
| **Parcel ID 052013 00003,** | ) |
| | ) |
| Defendant, | ) |
| | ) |
| **PAMELA MOSES,** | ) |
| **HOLLYWOOD COMMUNITY** | ) |
| **NEIGHBORHOOD ASSOCIATION,** | ) |
| **RISE UP AMERICA,** | ) |
| | ) |
| Claimants. | ) |

## ORDER OF REMAND

On February 10, 2022, the City of Memphis ("City") initiated an action in the Environmental Court of Shelby County, Tennessee for the Thirtieth Judicial District against the property identified as parcel 052013 00003 in the Register's office of Shelby County Tennessee and municipally known as 2383 Jackson Avenue, Memphis, Tennessee 38108. (ECF No. 1, 1-3, 5.) The owner of the subject property is Pinnacle Pentecostal Holiness Church Inc. (*Id.*) On October 2, 2023, *pro se* intervenors Pamela Moses, the Hollywood Community Neighborhood Association, ("HCNA"), and Rise up America ("RUA"), identifying themselves as "defendant/interested equitable party and a party" filed a notice of removal with this Court. (*Id.* at 1.) Intervenors allege that this Court has subject matter jurisdiction over this action because the

case presents a federal question. (*Id.*) For the reasons set forth below, the Court **REMANDS** this action.

## I.     ANALYSIS

### A.  Subject Matter Jurisdiction

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have a duty to consider subject matter jurisdiction in every case. Thus, courts may raise the issue of subject matter jurisdiction *sua sponte*. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prod. Liab. Litig.*, 953 F.3d 890, 893–94 (6th Cir. 2020) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Federal question jurisdiction is proper when a federal question is presented on the face of plaintiff's complaint. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A defense that raises a federal question is inadequate to confer federal jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

In this case, the City alleged that the subject property was out of compliance with the City's Housing Code of Ordinances, and was therefore certified to be a public nuisance as that term is

defined under the Tennessee Neighborhood Preservation Act, Tenn. Code Ann. § 13-6-102(12). (ECF No. 1-4, 1.) Moses, apparently intervening on behalf of herself and the two organizations HCNA and RUA, contends that this case raises a federal question. (ECF No. 1, 1.) She argues that the Environmental Court violated 42 U.S.C. § 1981 by subjecting her to disparate treatment and retaliation based on gender, race, and disability. (*Id.*) She also states that this case concerns an intentional infliction of emotional distress claim arising under the Federal Tort Claims Act, Title 28 U.S.C. § 2671. (*Id.* at 1-2.) Moses asserts, without supporting facts, eight questions in her section entitled "Federal Questions Presented," but aside from the eighth question which appears to just be a restatement of her discrimination claim, none of the questions presented are federal questions. (*See id.* at 3.) Furthermore, none of these alleged federal claims are presented on the face of plaintiff's complaint, so they cannot confer federal jurisdiction over this environmental nuisance action.

After review of the record, the Court finds that Moses's assertion of claims pursuant to § 1981 and § 2671 fail to confer subject matter jurisdiction.

**B.   Removal**

A *defendant* may remove a case only if the claim could have been brought in federal court. 28 U.S.C. § 1441(a). Removal jurisdiction is determined from the "well-pleaded complaint." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Defenses invoking federal law do not provide a basis for removal. *See Miller v. Bruenger*, 949 F.3d 986, 992 (6th Cir. 2020) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987)).

Because removal statutes encroach on state sovereignty, they are to be narrowly construed. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing *Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Principles of comity and federalism dictate that removal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of the removal statutes should be resolved in favor of remand to state court. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000).

The removal statute provides that an action that is not initially removable may be removed within 30 days of the case becoming removable. *See* 28 U.S.C. § 1446(b). "Courts confronting the special issue of the timeliness of removal by an intervenor rather than a defendant have held that the thirty day statutory period begins to run either on the date an intervention petition is filed in the state court from which removal is sought or on the date the state court grants the motion to intervene." *Bank of New York Mellon v. Walnut Place LLC*, 819 F. Supp. 2d 354, 358 (S.D.N.Y. 2011), *rev'd sub nom. BlackRock Fin. Mgmt. Inc. v. Segregated Acct. of Ambac Assur. Corp.*, 673 F.3d 169 (2d Cir. 2012) (collecting cases).

The Court finds that this action was not properly removed and should therefore be remanded. First, removal jurisdiction— like subject matter jurisdiction—is determined from the face of the "well-pleaded complaint." *Est. of Cornell*, 908 F.3d at 1008. As discussed in the preceding section, none of the federal claims arise on the face of plaintiff's complaint. The record makes clear that Moses is neither a plaintiff nor a defendant, yet she raises these federal claims for the first time in her notice of removal. (*See* ECF No. 1, 3.)

Second, the few courts to have handled similar issues have held that an intervenor may not unilaterally manufacture removal jurisdiction and then remove a case. *See Smith v. St. Luke's Hospital*, 480 F.Supp. 58, 61 (D.S.D.1979) ("there is little reason for [] an intervenor to bring someone else's lawsuit into federal court with him); *see also Brown v. Tax Ease Lien Invs., LLC*,

4

77 F. Supp. 3d 598, 605 (W.D. Ky. 2015) ("intervening complaints do not support removal"); *Henderson v. S. States Police Benevolent Ass'n, Inc.*, No. 1:02-CV-045, 2002 WL 32060139, at *6-7 (E.D. Tenn. Mar. 15, 2002) (remanding a case removed to federal court by intervening plaintiffs because such action was contrary to the voluntary-involuntary rule).

Third, removal in this case is untimely. Moses claims that she complied with the removal timing requirements set forth in 28 U.S.C. § 1446(b) because "she first received notice of this action on October 2, 2023." (ECF No. 1, 2.)  The record does not bear this out.  Moses claims that she was completely unaware of this case's existence until October 2, 2023; but this is the same day she removed the matter to this Court. (*Id.*) This would mean that in the span of 24 hours on Monday, October 2, 2023: (1) Moses filed a motion to intervene; (2) the Shelby County Environmental Court granted Moses's motion to intervene; (3) the Shelby County Environmental Court held a hearing in which the presiding judge discriminated against Moses on the basis of her gender, race, and disability; and (4) Moses drafted and filed the Notice of Removal in this Court. (*See id.*) This scenario not only seems unlikely, but also appears to be irreconcilable with Moses's commencement of a substantively nearly identical civil action against the Shelby County Environmental Court and plaintiffs in this case on July 20, 2023. (*See generally* Case No. 2:23-cv-02436-JTF-atc; ECF No. 1.)  If Moses properly intervened as a party in the State Environmental Court action, then she must have done so at some point on or before July 20, 2023, the date she filed Case No. 2:23-cv-02436.  That would mean that at minimum, 74 days elapsed between the time that the 30-day statutory period began to run and the time that Moses removed this action. B*ank of New York Mellon*, 819 F. Supp. 2d at 358. Hence, removal was untimely.

Allowing Moses—a third-party with a highly attenuated connection to this case's main controversy—to manufacture a basis for removal and then remove this case would at least require

5

a significant expansion of the removal statutes that the Court is obliged to interpret narrowly. *See Long,* 201 F.3d at 757. The Court declines to make such an expansion here given the other significant issues with removal discussed above and therefore concludes that this action should be remanded.

## II. CONCLUSION

Consistent with the foregoing, the Court finds that it lacks subject matter jurisdiction over this case and that removal was not appropriate. Accordingly, this action is **REMANDED** to the Environmental Court of Shelby County, Tennessee for the Thirtieth Judicial District.

**IT IS SO ORDERED**, this 8th day of February, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE